### FORT WORTH & DENVER CITY RAILWAY COMPANY v. H. M. GILSTRAP.

#### Decided February 16, 1901.

**1.—Railroads—Negligence—Injury to Section Hand—Charge.**

In an action for personal injury to a railroad track repairer, injured by a passing train, it was error for the court to charge that plaintiff should recover if he was injured by the negligence of an acting foreman in not taking proper steps to notify him of passing trains in time to clear the track, where the evidence showed that plaintiff knew that no steps had been taken to warn him and his colaborers of approaching trains, and that he heard the approaching train in time to have cleared the track and escaped the danger.

**2.—Same—Pleading and Charge—Negligence Not Alleged.**

An allegation that plaintiff's injury was caused by the negligence of his foreman in directing his gang to work on the track without making arrangements to notify them of approaching trains in time to clear the track, did not warrant a charge that if plaintiff was injured by his foreman's negligence in leaving no one in control of plaintiff and his colaborers during his absence from them, plaintiff could recover.

**3.—Same—Issue Not Submitted to Jury.**

Error in the charge authorizing a recovery by plaintiff, a section hand, can not be held immaterial on the ground that such recovery was warranted by the fact that he was injured in an effort to save life and property by removing a car and timbers from the track—such removal being necessary and plaintiff acting without rashness—where such an issue was not submitted to the jury.

Appeal from Wise. Tried below before Hon. J. W. Patterson.

*Stanley, Spoonts & Thompson,* for appellant.

*R. E. Carswell* and *Booth & Morton,* for appellee.

CONNER, Chief Justice.—H. M. Gilstrap, appellee, September 16, 1899, filed his original petition, and on May 31, 1900, his amended petition asking for damages in the sum of $15,000 for personal injuries received by him August 12, 1899, while in the employ of defendant as a bridge and track repairer. He was a member of a gang of five men engaged in pushing a small pushcar loaded with heavy timbers along the main track of the railway, when he heard the whistle of an approaching freight train, then out of view and runnng at a high rate of speed. In obedience to the order of John Wales, a fellow-workman, alleged to have been left in charge of the gang by Chase, the regular foreman, he continued to push said car further along the track and to unload the same and clear the track of said car and load. Plaintiff alleged that the train was approaching rapidly, and if the cars and timber had not been removed the train would have been derailed and great loss of life and destruction of property would have resulted. That plaintiff knew this, and stuck to his duty till the timbers and cars were removed, when he, in attempting to escape from the approaching engine, was struck by one of the timbers and injured, and that he was without negligence.

He alleged that said accident, and consequent injuries, was occasioned: "(1) By the negligence of defendant (appellant) in failing to furnish said bridge gang with enough men to enable the foreman to put out guards to stop approaching trains and enable the gang to clear the track for their passage. (2) The negligence of the foreman, Case, in charge of said gang, in directing it to proceed to such work without making arrangements to notify it of the approach of trains in time to enable it to clear the track for their passage. (3) The negligence of acting foreman Wales in proceeding with said work and setting plaintiff to the same without taking proper steps to apprise him of the approach of trains in time to enable the track to be cleared for their passage. (4) The negligence of defendant and its employes in charge of said train and its tracks in failing to apprise plaintiff and said bridge gang of the approach of said train in time to enable them to clear said track without danger to themselves. That said train was running out of its schedule time to pass the point where the gang was at work. That it was scheduled to pass at 11 p. m., and in fact passed the next morning at 7. That plaintiff was not aware that it had not passed, or that any train was due, and was himself exercising due care."

Appellant answered by general demurrer, general denial, contributory negligence of plaintiff, and that if there was any negligence, it was that of plaintiff's fellow-servants and company employes, for whose negligence defendant was not liable, and that the injuries were the results of risks assumed by plaintiff in entering and remaining in the service of defendant and ordinarily incident and arising out of the work he was engaged to perform, and if there were any dangers attendant upon the manner of doing said work, or in any other matter alleged, the danger was patent, open, visible, and known to plaintiff, who, with

such knowledge, continued in the service, and thereby assumed all dangers resulting from the alleged grounds of negligence.

There was a jury trial resulting in a verdict and judgment for appellee in the sum of $3000, from which this appeal has been prosecuted.

The evidence shows that on the day alleged appellee was in the employ of the appellant railway company as one of a gang of seven men engaged in building and repairing bridges; that one A. S. Case was foreman of the gang, with power to control and direct the men; that on August 11th Case took two of the men and went to another point to put up some bridge signals, leaving five of the men at work at the place of the injury. Before leaving, Case gave directions what to do during his absence to Wales, one of the gang. The evidence was conflicting as to whether Wales was appointed by Case (as it seems Case was empowered to do) to assume control and direction, but whether so or not, there was evidence tending to show that Wales did so assume control, and that on the next morning the gang loaded four heavy bridge timbers, 12x12 inches and 14 feet long, on a small pushcar, and were pushing it along the main track toward a point where such timbers were to be used. While it was so engaged, and when within about ten feet of a bridge about 100 feet long on the route they were going, they heard the whistle of a freight train approaching at a speed of twenty or twenty-five miles an hour. The train was then out of view around a curve several hundred yards. No flagman had been stationed nor had other means been employed to warn approaching trains of obstructions on the track. Appellee testified that had they at once begun to unload the timbers and remove the pushcar, as he then suggested should be done, there would have been plenty of time to have done so without injury, but that Wales ordered one of the men to go back and flag the train and the remainder to push the car along and over said bridge, which was accordingly done, whereupon appellee and others hastily removed the car and timbers from the track; not in time, however, to avoid the train coming in contact with one of the timbers, by reason of which, as the evidence tends to show, appellee was injured as alleged.

The court submitted but two grounds of recovery. In its main charge was given definitions of negligence, ordinary care, fellow-servants, charges upon assumed risks, contributory negligence, and submitted the following instruction as a ground of appellee's recovery: "(2). If you find and believe from the evidence that at the time of the plaintiff's injury (if he received any injury), that John Wales was acting as foreman, and if you believe the said Wales had been intrusted by the defendant company with the authority of superintendence, control, or command of plaintiff, and his colaborers, or had been intrusted with authority to direct plaintiff and his colaborers in the performance of any duty, and if you believe the said Wales had received such authority from A. S. Case, the regular foreman of the defendant's bridge gang, and if you further believe from the evidence that the said Wales, while acting as such foreman, directed the defendant and others working

with him to proceed with the work they were then engaged in, without taking proper steps to notify the plaintiff and his colaborers of approaching trains in time to enable the track to be cleared in time for their passage, and if you believe such failure to take steps to so notify the plaintiff and his colaborers was negligence on the part of the said Wales, and that the plaintiff, by reason thereof, was hurt and injured as charged in his petition, and if you believe the plaintiff himself was not guilty of negligence that caused or contributed to his injury—you will find for the plaintiff such damages as you believe he has sustained by reason of such hurt and injury."

Upon request of appellee the court also gave the following special instruction, to wit: "Gentlemen of the Jury: You are instructed that if you believe from the evidence that A. S. Case, the defendant's regular foreman, was absent at the time the plaintiff received his injuries, if any, and that he failed to leave any one in control of plaintiff and his colaborers, and that John Wales assumed control of the men, and that it was negligence in said Case to leave said men without some one to guide and control and protect them, and that plaintiff was injured by the negligence of said Wales concurring with the negligence of said Case, and that plaintiff was not guilty of contributory negligence which caused or contributed to his injury, then you will find for the plaintiff."

These charges are assailed in the twelfth and seventeenth assignments, and we are of opinion that both assignments must be sustained. In our judgment the evidence did not warrant the submission of the issue presented in the second paragraph of the court's main charge, and appellee's petition did not support the issue presented in the special charge quoted.

The evidence failed to show negligence on the part of those operating the freight train mentioned, and no such issue was submitted. If it be assumed that there was negligence under the circumstances in failing to have out flagmen or danger signals to warn approaching trains, and that the proof thereof supported the charge of negligence in failing to "take proper steps to notify plaintiff and his colaborers of approaching trains in time to enable the track to be cleared," * * * nevertheless the evidence is undisputed that appellee knew that no such steps had been taken, and he expressly states that he heard the approaching train in time to have cleared the track and escaped all danger. He testified: "I knew on this occasion that no flag had been put out, and that no flagmen had been stationed to warn approaching trains, and knew that a train was liable to come from either direction at any minute. * * * We did not unload it (the pushcar) when we first heard the train, because Mr. Wales told us to push up to the other end of the bridge. * * * I first heard the train whistle some distance away, and then it whistled again just before it got to us, I should say the other side of Cowan switch (about 200 yards). * * * I asked Wales if we had not better throw the car off before we got to the bridge, and he said no, to put it across the bridge. If we had put the car off where we were when we

first heard the train whistle, we could have done it very easily, and no one would have been hurt.   *   *   *   Two of us jerked the car off as far from the track as we could.   Ward and White had quit us.   If they had stuck to their post, I think we would have got every thing off all right."

In view of this evidence, the issue submitted in the main charge was immaterial.   Not only so, but with full knowledge of the facts relied upon as constituting the negligence charged, and with notice of the approaching train in ample time to have avoided all injury, appellee had no right of recovery on this ground, and the charge to the contrary was erroneous.   We think a consideration of the record makes it equally apparent that the special charge quoted should not have been given.   It is not pretended that appellee's petition in direct terms charges "negligence in said Case to leave said men without some one to guide and control and protect them."   Appellee, however, cites the second ground of negligence charged by him as hereinbefore quoted, and insists in argument that: "The charge that Case put the men to work without making arrangements to notify them of the approach of trains in time to enable them to clear the track, embraces the charge that he did not put some person in charge of the men with directions to so order the work that passing trains would not be subjected to danger of wreck."

We think this contention hardly maintainable, particularly in view of the allegations of appellee's petition.   Early in the recitation of the wrongs charged, he alleges:   "That on the 13th day of August, 1899, said foreman (Case) was away on other business, but before leaving said gang directed them fully as to their work for said day, what they should do and how they were to proceed about it, and constituted and appointed one John Wales, one of said gang, as foreman during his absence, and directed the members of the same to work for that day under his direction and superintendance.   *   *   *.   That at 7 o'clock on the morning of August 12, 1899, said gang, including plaintiff, according to the instructions of the foreman, Case, and under the direction and superintendance of said Wales, went about its days work."   The negligence of Wales, as acting foreman, in failing to take the proper steps to notify appellee of approaching trains is made the third ground upon which appellee seeks a recovery; and his theory of the case generally, both in the pleading and evidence, is that Wales was the authorized acting foreman of the gang at the time of the accident.   We therefore conclude, if in any event such negligence on the part of Case could be considered as a proximate cause of appellee's injuries, that the court committed errer as assigned because of appellee's failure to plead the ground of negligence therein submitted.

Appellee also insists in effect that the errors, if any, in the charges of the court are immaterial, on the ground that appellee is to be protected in an effort to save life and property by removing the pushcar and timbers from the track, if he acted without rashness, and it appeared reasonably necessary to do so; citing Railway v. Longerdorf, 13 Law.

Rep. Ann., 190; Eckhart v. Railway, 43 N. Y., 502, et seq.; Shearm. & Redf. on Neg., sec. 186, and other authorities. While there was evidence tending to show that a failure to remove the car and timbers might have caused the wreck of the freight train, and consequent loss of property and perhaps of life, yet no such ground of recovery was submitted, if raised by the pleadings; and we think it evident from what has been stated that the proposition, if maintainable—which we do not consider it now necessary to discuss—is so involved with other issues raised by the evidence as to require its submission to the jury under appropriate instructions.

For the errors in the charge of the court discussed the judgment will be reversed and the cause remanded for a new trial.

*Reversed and remanded.*